STATE OF MAINE *vs*. EUGENE NORTON.

Hancock.   Opinion February 15, 1916.

*License.   ·   Principal and Agent.   Public Laws, 1915, Chapter 235,*
*Section 2, construed.*

Section 2 of Chapter 235 of the Public Laws of 1915 provides as follows:
"No person, firm or corporation, either by themselves as principal, or by
their servants or agents, shall, at any time, catch, take, hold, buy, ship,
transport, carry, give away, remove, sell or expose for sale, or have in his
or its possession, except for the immediate consumption of himself and
family, any lobster from any waters in the jurisdiction of this State     .
    .     unless licensed so to do as hereinafter provided."
The respondent at the time of the alleged offense was in the employment of
one Clark, assisting him in handling lobsters.   Said Clark was himself
licensed under this statute, and was present with the respondent when
the acts complained of occurred.
*Held:*'
1.  That it is unnecessary for employees to be licensed when handling lobsters
for commercial purposes and acting under the personal supervision of their
employer who is himself duly licensed.   It is the principal who is respon-
sible both for his own acts and those of his servants and he alone is
required to be licensed.

Respondent was arrested for alleged violation of section 2, chap-
ter 235, Public Laws of 1915.

Case reported to Law Court on agreed statement of facts.   Judg-
ment for defendant.

Case stated in opinion.

*Fred L. Mason,* for State.

*H. H. Gray,* for respondent.

SITTING:   SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

CORNISH, J.   The respondent was convicted in the Bar Harbor
municipal court on the charge of having in his possession, at the
time and place alleged in the complaint, certain lobsters not then

and there for the immediate consumption of himself and family, without the license of the Commissioner of Sea and Shore Fisheries first had and obtained therefor, in violation of section 2 of chapter 235 of the Public Laws of 1915.

The portion of that section under which this complaint was brought reads as follows: . "No person, firm or corporation, either by themselves as principal or by their servants or agents, shall, at any time, catch, take, hold, buy, ship, transport, carry, give away, remove, sell or expose for sale, or have in his or its possession, except for the immediate consumption of himself and family, any lobster from any of the waters of the jurisdiction of this State . . . unless licensed to do so as hereinafter provided," with certain exceptions not applicable here. "Every person, firm or corporation, who shall violate any of the provisions of this section . . . shall be fined," etc.

It appears from the agreed statement of facts, that the respondent, at the time of the alleged offense, was in the employ of one James L. Clark, assisting said Clark as his employee in handling the lobsters, and the said James L. Clark was himself then licensed under this statute and was at all times present with the respondent when the acts complained of occurred.

As presented to this court, only one question is involved, viz: is it necessary under this Act for all servants and employees to be licensed when handling lobsters not intended for the immediate consumption of themselves or families, that is to say, handling lobsters for commercial purposes, and while under the personal supervision of their employer who is himself duly licensed. Clearly not. The licensing of the employer meets the requirement of the law. The language of the statute bears no other reasonable construction. The very words we have quoted make a sharp distinction between the principal, the person, firm or corporation carrying on the lobster business and their servants or agents, viz: "No person, firm or corporation, either by themselves as principal or by their servants or agents," etc. It is the principal who is responsible both for his own acts and those of his servants. It is the principal alone who is required to be licensed and he alone is to be fined in case of violation. There is nothing in the section requiring the ser-

vants to be licensed and both the letter and the spirit of the act negative such a contention.

In a sense the license is upon the business and must be paid by the party carrying on the business, whether individual, or firm or corporation. This is shown by the language of section 3, which provides for the issuing of licenses "to any citizens of this State or to any person having resided in this State for one year immediately preceding the date of application for license, or to corporations or firms engaged in the lobster business located in this State or other states," etc.

Any other construction, apart from its wrenching of the plain words of the Act, would be followed by incalculable annoyance and loss. All applications must be in writing and, with the fees, must be forwarded to the office of the commissioner at Augusta and license returned by him. If every employee before he could work a day or even an hour must take these statutory steps or subject himself to a fine of twenty-five dollars for the first offence, the business would be well nigh paralyzed, especially in times of emergency. Such was not the intention of the Legislature and such is not their expressed intention as found in the language of the Act.

Under the stipulation in the agreed statement the entry must be,

*Judgment for the defendant.*